UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 26-cv-80849-McCabe

VICTOR STRAVINCSKI OATTS,

Plaintiff,

v.

NATSON HOTEL GROUP, et al,

Defendants.

_________________________________/

**REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court on Plaintiff's pro se Application to Proceed in District Court Without Prepaying Fees or Costs. (DE 3). Plaintiff also filed a motion requesting that this case be reassigned to a District Judge. (DE 7). By separate Order entered contemporaneously with this Report and Recommendation, the undersigned has directed the Clerk of Court to reassign this case to a United States District Judge. To facilitate the newly assigned District Judge's consideration of the pending application, the undersigned issues this Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the application (DE 3) be **DENIED WITHOUT PREJUDICE**.

## I. DISCUSSION

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may, upon a finding of indigency, authorize the commencement of an action without prepayment of costs, fees, or security. Courts enjoy broad discretion over such applications to proceed in forma pauperis. *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983). Before granting relief, a court must first examine "the applicant's assets

and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Jud. Circ.*, 574 F. App'x 916, 917 (11th Cir. 2014).

Upon review of Plaintiff's application, the Court finds that Plaintiff has not satisfied the poverty requirement. Plaintiff reports average gross monthly employment income of $2,023 for himself and $2,020 for his spouse, for a combined monthly income of $4,043. (DE 3 at 1-2). The employment-history section, however, identifies current gross monthly pay of $2,860 for Plaintiff and $2,400 for his spouse, for a combined $5,260. (DE 3 at 2). Plaintiff does not reconcile these figures.

Plaintiff further reports $534 in cash, $217 in his checking account, $217 in his spouse's checking account, and a negative balance of $15.70 in another account. (DE 3 at 2). Plaintiff also owns a 2004 Mini Cooper S valued at $2,700 and identifies his 27-year-old daughter, who has sickle cell disease, as a dependent. (DE 3 at 3). Plaintiff reports monthly expenses of $2,449 for himself and $2,874 for his spouse, for a combined $5,323. (DE 3 at 4-5). Thus, using the higher employment-history figures, Plaintiff reports monthly expenses that exceed the household's income by $63. Plaintiff identifies no other source of income and does not explain how the household covers this recurring shortfall. Plaintiff also stated that an anticipated surgery would further reduce his income, but he did not identify the anticipated reduction or its duration. (DE 3 at 5).

The conflicting income figures and unexplained shortfall prevent the Court from accurately comparing Plaintiff's assets and liabilities or determining whether Plaintiff can pay the filing fee. Accordingly, Plaintiff has not established entitlement to proceed in forma pauperis, and the application should be denied.

## II. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (DE 3) be **DENIED WITHOUT PREJUDICE**.

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

The Clerk **SHALL FILE** a Notice of Compliance on the docket that a copy of this Report and Recommendation was mailed to Plaintiff, Victor Stravincski Oatts, pro se

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 1st day of September 2026.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE