**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-cv-80849-KUNTZ**

**VICTOR STAVINCSKI OATTS,**

Plaintiff,

v.

**NATSON HOTEL GROUP,** *et al.*,

Defendants.
______________________________________/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

**THIS CAUSE** comes before the Court on Magistrate Judge Ryon McCabe's report and recommendation [ECF 13] to deny the motion to proceed *in forma pauperis* [ECF 3]. The Court adopts and affirms for the following reasons.

As noted by Magistrate Judge McCabe, "[f]ailure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation" [ECF 13 at page 3]. *See Dupree v. Warden*, 715 F.3d 1295, 1305 (11th Cir. 2013) ("requiring parties to file objections or waive the right to de novo review on appeal if they do not object comports with the [Federal Magistrate] Act's purposes"); *see also Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1257 (11th Cir. 2017) (holding that a party who fails to object waives an appeal if "given proper notice of the objection time period and the consequences of failing to do so").

To that end, when a *pro se* plaintiff repeatedly fails to comply with court orders, dismissal may even be appropriate under Rule 41(b). *See Powell v. Harris*, 628 F. App'x 679, 680 (11th Cir. 2015) (*per curiam*). *See also Duong Thanh Ho v. Costello*, 757 F. App'x 912, 914-15 (11th Cir. 2018) (affirming a district court's

dismissal after a *pro se* plaintiff failed to comply with a court's order to amend). Here, the plaintiff has not only missed the recent September 15, 2026 deadline but also disregarded the "Order Requiring *Pro Se* Plaintiff to Consent to Receive Electronic Filings" [ECF 5] from July 20, 2026. Yet, compliance would have obviated any impact from the plaintiff's apparent mistaken identification of his home address as "2401 N.E. 4th Street" [ECF 1 at page 34]. Furthermore, his reasons for refusal strain credulity [ECF 8 at page 2], especially where the untimely motion from yesterday alleges that the plaintiff is currently using PACER [ECF 15 at page 2].

28 U.S.C. § 1915 establishes proceedings *in forma pauperis*, but courts must still "weed out the litigants who falsely underestimate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997). Magistrate Judge McCabe has conducted such a search, which is adopted. Accordingly, it is

**ORDERED AND ADJUDGED** that the report and recommendation to deny **[ECF 13]** is **ADOPTED**. In turn, the motion to proceed *in forma pauperis* is also **DENIED without prejudice**. Should the plaintiff choose to refile the motion without complying with what Magistrate Judge McCabe has already ordered, then the second IFP motion will be denied without prejudice, too. Further, any such filing must be received by **October 6, 2026**.

DONE in Fort Lauderdale, Florida on this 22nd day of September 2026.

JEFFREY T. KUNTZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record